**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NICHOLAS BROTCKE,              ) | No. CV-09-1752-PHX-MHM |
| Plaintiff,     ) | **ORDER** |
| vs.                            ) | |
| GILA COUNTY; ARIZONA and GILA ) | |
| COUNTY BOARD OF SUPERVISORS,) | |
| Defendants.     ) | |

Currently before this Court are Plaintiff Nicholas Brotcke's Motion for Summary Judgment, (Dkt. #9), Motion to Consolidate "All Evidence" from Within Complaint of 8/24/09 and Amendment to Complaint of 10/31/09, (Dkt. #17), Motion to Submit Additional Evidence Concerning Punitive Damages, (Dkt. #20), and Motion to Reset Total Monetary Damages Requested, Based Upon Occurrence Which Have Happened After Complaint of 8/24/09. (Dkt. #22). Also before the Court are Defendants Gila County and Arizona and Gila County Board of Supervisor's Motion to Dismiss Case, (Dkt. #5), Motion to Dismiss Amended Complaint, (Dkt. #13), Motion to Strike re Motion to Consolidate "All Evidence" from Within Complaint of 8/24/09 and Amendment to Complaint of 10/31/09, (Dkt. #19), and Motion to Strike Motion to Reset Total Monetary Damages Requested, Based Upon Occurrence Which Have Happened After Complaint of 8/24/09. (Dkt. #23). Having reviewed the Parties' motions and determined that oral argument is unnecessary, the Court

issues the following Order.

I. BACKGROUND

On May 19, 2009, Plaintiff applied to renew the Arizona Senior Property Tax Freeze ("Property Tax Freeze"). The Property Tax Freeze would have frozen, for property tax assessment purposes, the cash value of Plaintiff's residence for a three-year period. See Ariz. Const., art. 9, § 18(7). Plaintiff's application was denied because Plaintiff's income was higher than the prescribed eligibility level. On August 24, 2009, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, alleging violations of Due Process stemming from the denial of his application for the Property Tax Freeze. (Dkt. #1). On October 23, 2009, Defendants filed a Motion to Dismiss. (Dkt. #5). On November 2, 2009, Plaintiff filed an Amended Complaint, (Dkt. #8), followed on November 6, 2010, by a Motion for Summary Judgment (Dkt. #9). In response to Plaintiff's Amended Complaint, Defendants filed their Motion to Dismiss Amended Complaint. (Dkt. #13).

II. DISCUSSION

The Court begins its analysis by focusing on Defendants' Motion to Dismiss Amended Complaint, (Dkt. #13), as the argument therein concerning subject matter jurisdiction is determinative. Plaintiff's due process violation allegation stems from the method employed by the Gila County Assessor to calculate eligibility for the Property Tax Freeze. Specifically, Plaintiff argues that Gila County should have deducted business and income losses when calculating his total income, as the Federal Government does when calculating gross income. Assuming, without deciding, that the Gila County Assessor improperly determined Plaintiff's eligibility, federal court is not the proper venue to adjudicate this matter.

Under the Tax Injunction Act ("TIA"), "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.A. § 1341. It is a "broad jurisdictional barrier," that is "first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of

1  taxes." Arkansas v. Farm Credit Servs. of Cent. Ark., 520 U.S. 821, 825, 826 (1997)
2  (quotation marks omitted). "The dispositive question in determining whether the [TIA's]
3  jurisdictional bar applies is whether the plaintiff's action, if successful, would reduce the flow
4  of state tax revenue." Qwest Corp. v. City of Surprise, 434 F.3d 1176, 1184 (9th Cir. 2006).

5  There is little question that Plaintiff's successful litigation of this action would reduce
6  the flow of money into Arizona's coffers, as his lawsuit seeks to invalidate Gila County's
7  method for calculating income eligibility for the Property Tax Freeze, the result of which
8  would be to increase the number of persons eligible for the freeze. Additionally, the fact that
9  Plaintiff has fashioned his lawsuit as a 42 U.S.C. § 1983 claim does not affect this Court's
10 jurisdiction. In construing the TIA, the Supreme Court has held "that taxpayers are barred
11 by the principle of comity from asserting § 1983 actions against the validity of state tax
12 systems in federal courts." Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S.
13 100, 116 (1981) Instead, tax payers must "must seek protection of their federal rights by
14 state remedies, provided of course that those remedies are plain, adequate, and complete."
15 Id.

16 Arizona law provides an adequate remedy for aggrieved tax payers. Arizona Revised
17 Statutes § 42-16201 states that "[a] property owner who is dissatisfied with the valuation or
18 classification of the property as determined by the county assessor may appeal directly to the
19 court . . . regardless of whether the person has exhausted the administrative remedies under
20 this chapter." Accordingly, the Gila County Assessor's determination of the cash value of
21 Plaintiff's property for tax purposes is reviewable in Arizona state court. Additionally,
22 Arizona state courts are capable of hearing and adjudicating § 1983 claims. See Baker v.
23 Rolnick, 210 Ariz. 321, 325, 110 P. 3d 1284, 1288 (App. 2005) ("Unless otherwise restricted,
24 states have concurrent jurisdiction with the federal courts to enforce rights created by federal
25 law, including § 1983."). This Court, as a result, does not have subject matter jurisdiction
26 over this case and must grant Defendants' Motion to Dismiss.

27 Finally, Plaintiff's Amended Complaint appears to add causes of action grounded in
28 tort law. Under 28 U.S.C. § 1367(c)(3), this Court may decline to exercise supplemental

jurisdiction over a claim if it has dismissed all claims over which it had original jurisdiction. The only claim over which this Court might have enjoyed original jurisdiction was Plaintiff's § 1983 claim. Because this Court has determined that it does not have subject matter jurisdiction to hear that claim, all that remains in this case are Plaintiff's related state law tort claims. Pursuant to § 1367 this Court declines to exercise its supplemental jurisdiction over Plaintiff's related state law claims. See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (holding that district court may decline to exercise supplemental jurisdiction over related state law claims once it has dismissed all claims over which it had original jurisdiction).

Having so decided, the Court need not address any of the other motions filed in this case and will deny them as moot.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendants' Motion to Dismiss Amended Complaint with prejudice. (Dkt. #13).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion for Summary Judgment. (Dkt. #9).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to Consolidate "All Evidence" from Within Complaint of 8/24/09 and Amendment to Complaint of 10/31/09. (Dkt. #17).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to Submit Additional Evidence Concerning Punitive Damages. (Dkt. #20).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to Reset Total Monetary Damages Requested, Based Upon Occurrence Which Have Happened After Complaint of 8/24/09. (Dkt. #22).

**IT IS FURTHER ORDERED** denying as moot Defendants' Motion to Dismiss. (Dkt. #5).

**IT IS FURTHER ORDERED** denying as moot Defendants' Motion to Strike re Motion to Consolidate "All Evidence" from Within Complaint of 8/24/09 and Amendment to Complaint of 10/31/09. (Dkt. #19).

1    **IT IS FURTHER ORDERED** denying as moot Defendants' Motion to Strike
2 Motion to Reset Total Monetary Damages Requested, Based Upon Occurrence Which Have
3 Happened After Complaint of 8/24/09. (Dkt. #23).
4    **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
5 accordingly.
6    DATED this 24th day of May, 2010.

_____
Mary H. Murguia
United States District Judge